### CORLEY v. W. D. CLEVELAND & SONS et al. (No. 8134.)

Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1929.

Rehearing Denied March 6, 1929.

R. S. Dorsett, of Raymondville, for appellant.

A. B. Crane, R. F. Robinson, and Davis E. Decker, all of Raymondville, for appellees.

COBBS, J. Up to October, 1927, one C. E. Belden had been running a grocery store in Raymondville and had a man working for him named W. R. Corley, the appellant in this case. About the 1st of October, 1927, Belden closed his store and left it with taxes unpaid for that year and the year 1926, and some of the house rent unpaid. During the year 1927 appellees, W. D. Cleveland & Sons, Wichita Mill & Elevator Company, and Pruitt Commission Company, all had judgments against Belden and had them in the sheriff's hands in Willacy county; but he had not levied them. On October 26, 1927, and while the above executions were in the hands of the sheriff, the said W. R. Corley filed his purported laborer's lien against said stock of goods which Belden had left, saying that he had been hired by Belden in 1925 to work at $125 per month; that he worked till March 1, 1927, at which time he was paid up, but that Belden, being in a destitute condition, contracted with Corley for his services in the store, and Belden "was not to pay Corley till Belden was in better financial condition." Corley then sued on this lien and contract and obtained judgment for $620, in which suit Belden waived service; then Corley issued order of sale and had it levied on the goods and had them advertised for sale on December 24. Thereupon the three appellees above named brought this suit to enjoin the sale and set aside Corley's judgment on the ground that nothing was owing to Corley and that Corley had been paid, and asking for a receiver for the property and that the property be sold and distributed to the creditors.

The injunction was issued, but upon motion it was dissolved in term time and the case tried at the next term of the court, resulting in judgment in favor of the plaintiffs

setting aside said judgment and approving the receiver's report. The said W. R. Corley intervened in the suit and was denied his relief, and the court denied him any lien and set aside the judgment which he had already obtained. From the judgment Corley has appealed, and we find only two assignments of error.

The facts show that Corley put into the bank, on almost each Monday, about $30 to $35, the purported wages that he received each week, and about the same wages that he claimed to be owing to him in his purported lien, that is, $125 per month. The facts further show that neither Corley nor Belden had any property in the state at the time of the attempted sale of this property under order of sale. The judgment is against Corley on all questions of fact; hence he had imposed upon the court to obtain his judgment; when all this was brought home to him in the trial of the case, he never took the stand to testify to any facts. The facts show that the money put into the bank by Corley from the 1st day of January, 1927, to October 27, 1927, the day after the store closed, amounted to the sum of $1,345.79 for the ten months, or $134.57 per month. He claimed that he had contracted to work for $125 per month, and the evidence of the banker shows that Corley had no other occupation than working in the store; hence he must have received more wages than he contracted to receive for his work. The judgment of the court is against Corley on all matters of fact; therefore, since his judgment was set aside, the stock of goods was subject to the debts of all the creditors, among which are the appellees.

Under our statute, the only court in which the suit could be brought was the district court of Willacy county, since that is the court in which the judgment was rendered and since this was a suit primarily to set aside the judgment; and unless this was done the appellees, of course, would have no rights in the court. Under article 2128 of the 1914 Vernon's Civil Statutes, receivers may be appointed by the courts in a case where creditors bring suit to subject property to their claim.

The whole case shows that was all that was done; the receiver took the stock of goods, sold it, and accounted well for the proceeds, and the report made by him was approved by the court. We fail to see where the appellant has any rights in the case at all, since the court found his judgment had been fraudulently obtained and set it aside. He had no right in the goods because he had no debt owing to him; and in this suit he did not even attempt to establish his debt or his lien, and no objection is raised in this court to the court's setting aside his judgment and finding that he has no debt against Belden. He has no rights in the case anywhere under the record as made, and the only thing this court can do is to affirm the case. Judgment is affirmed.